United States District Court
Southern District of Texas

**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OMAR ZAVALETA ACOSTA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05215** |
| | § | |
| **TODD BLANCHE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Omar Zavaleta Acosta's Complaint for Declaratory and Injunctive Relief, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) and Respondents' Updated Response to Petition and Motion for Summary Judgment (ECF No. 8). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus in part and **DENIES** Respondents' Motion for Summary Judgment.

## I.     BACKGROUND

The following facts are not in dispute. Petitioner Omar Zavaleta Acosta is a citizen of Mexico who entered the United States without inspection approximately twenty-one years ago and, apart from brief absences, has resided in the United States since that time. ECF No. 1 at 3, 8. Petitioner has deep ties within the United States, including two United States citizen children. *Id.* at 3. One of his children "has autism spectrum disorder and a congenital heart defect and requires the consistent presence and support of her parents." *Id.* Petitioner supports his family financially

1 / 5

through his work as an electrician. *Id.* He owns the family's home, and he has paid income taxes for approximately seven years. *Id.* at 3, 9. He has no criminal history. *Id.* at 4.

Petitioner was taken into ICE custody while driving to work on June 8, 2026, after an unmarked law enforcement vehicle followed him for several miles. *Id.* The Government has initiated removal proceedings against Petitioner. ECF No. 8 at 3.

## II.   ANALYSIS

This case is one of hundreds of similar petitions for habeas corpus that have come before this Court challenging DHS' most recent interpretation of mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2). Petitioner argues, among other claims, that his mandatory detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief.

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court addressed a similar set of facts in *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 684 (S.D. Tex. 2026) (Ellison, J.). In that case, this Court found that the mandatory detention of an undocumented noncitizen who had resided in the United States for many years violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez*, 823 F. Supp. 3d at 690 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same

conclusion here.[1] The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

While Petitioner has not yet been detained for as lengthy a period as the petitioner in *Rodriguez*, "[t]he Court's concern in *Rodriguez* was not the amount of time that the petitioner had been detained *per se*, but rather the potentially indefinite nature of her detention and the possibility that her removal proceedings would take years." *De La Mont Diaz v. Tate*, No. 4:26-CV-02638, 2026 WL 980247, at *2 (S.D. Tex. Apr. 9, 2026) (Ellison, J.). The Court has the same concern in this case.

### III.   REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the

---

[1] The Court is aware that the Fifth Circuit recently issued a stay of the underlying district court orders in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026). The Fifth Circuit's order does not state what precedential effect, if any, it has on the district courts in general. Such a stay is "not conclusive as to the merits," and this Court will not speculate as to the Fifth Circuit's unstated intentions. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Additionally, even assuming that the stay has some precedential effect, this Court's decision rests on substantive due process grounds, not the procedural due process reasoning at issue in *Sosnava Rodriguez*. For these reasons, the Court finds that the stay has no effect on its ruling on Petitioner's claims.

face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases). The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a driver's license and/or passport.

4. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **<u>on or before August 3, 2026</u>**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

4 / 5

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 30, 2026.

Keith P. Ellison
United States District Judge